**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL ELI KILBRETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00435-CDP |
| ) | |
| STATE OF MISSOURI/MISSOURI ) | |
| PROBATION AND PAROLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Samuel Eli Kilbreth for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $15.31. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $76.54. The Court will therefore assess an initial partial filing fee of $15.31, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Boonville Correctional Center in Boonville, Missouri. At the time he filed the complaint, however, he was an inmate at the Missouri Eastern Correctional Center. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming the State of Missouri/Missouri Probation and Parole and the United States of America as defendants. (Docket No. 1 at 2-3). The complaint contains allegations regarding plaintiff's rights under the Second Amendment.

In the "Statement of Claim," plaintiff asserts that the Second Amendment provides for the "right of the people to keep and bear arms," and that it does not prohibit him from owning, possessing, carrying, or buying a firearm, even though he is "on [supervision] and a felon." (Docket No. 1 at 3). He accuses the State of Missouri of "allowing Probation and Parole to make up [their] own rules," and contends that "they are not [going] off of the United States of America Constitution." As such, plaintiff insists that he has "the right to buy, possess and own a firearm even on probation."

3

Plaintiff notes that Article 23 of the Missouri Constitution also provides him with the "right to keep and bear arms, ammunition, and certain accessories." (Docket No. 1 at 4). He states that "this section shall be unalienable," and any "restriction on these rights…subject to strict scrutiny." Plaintiff acknowledges, however, that the Missouri Constitution does not "prevent the General Assembly from enacting general laws which limit the rights of convicted violent felons or those adjudicated by a court to be a danger to self or others as a result of mental disorder or mental infirmity."

Despite being a felon, plaintiff asserts that neither the United States Constitution or the Missouri Constitution says that a person on probation or parole cannot possess a firearm. Instead, such prohibitions can only be enacted "if you are violent."

As a felon, plaintiff claims that he has "the right to possess, buy, own, and protect [his] family just like any other U.S. citizen." (Docket No. 1 at 5). He asserts that the "State of Missouri and…Probation and Parole need to fix what they have messed up," because the "laws of our [forefathers] made for us the United States Constitution." Plaintiff goes on to imagine a scenario in which an armed intruder "kicked in [his] door" and killed him and his family. He proposes that "[t]his is a prime example [of what] Missouri needs to fix," and that the state needs to "stop getting carried away when they rewrite what the United States was built on."

With regard to an injury, plaintiff asserts that he has lost his Second Amendment "right to defend [his] family," and his ability to get a hunting license. He seeks $50,000 in "cash" as damages. (Docket No. 1 at 6). Plaintiff further demands "the right for felons to get hunting license[s] back," to be able to "buy, possess, [and] carry" firearms "nationwide," and for Probation and Parole to change their rules. He concludes by arguing that he has a right to defend his family

"to the fullest no matter what," regardless of being "on supervision or not," and regardless of whether he is "violent or not within reason of [the] nature of the crime."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that the State of Missouri and the United States has violated his rights under the Second Amendment. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Claim Against the State of Missouri

Plaintiff has named the State of Missouri and Missouri Probation and Parole as defendants, accusing them of preventing him from buying, possessing, or carrying a firearm, in violation of his constitutional rights. This claim is barred by sovereign immunity.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). This immunity bars suit against a state or its agencies for any kind of

relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception likewise does not apply, as Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

6

In short, plaintiff has attempted to sue the State of Missouri under 42 U.S.C. § 1983 for purportedly violating his constitutional rights. Sovereign immunity bars this suit regardless of whether plaintiff is seeking monetary damages or injunctive relief. Additionally, there is no indication that either of the two exceptions to sovereign immunity are present here. Therefore, the claim against the State of Missouri must be dismissed.

**B. Claim Against the United States**

Plaintiff has also named the United States as a defendant, alleging that it has violated his Second Amendment right to bear arms. As a preliminary matter, the Court notes that plaintiff cannot maintain a 42 U.S.C. § 1983 claim against the United States, because § 1983 requires state action. *See Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). *See also Parker v. Boyer*, 93 F.3d 445, 447-48 (8th Cir. 1996) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law").

Though a claim against the United States is not cognizable under 42 U.S.C. § 1983, plaintiff can potentially bring a *Bivens*[1] claim "against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). In this case, however, plaintiff has not sued individual federal officials, but the United States itself. This claim, like that against the State of Missouri, is barred by sovereign immunity.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing*

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389, 397 (1971) (enforcing a damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures).

*Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Here, plaintiff has not presented any indication that the United States has waived its sovereign immunity in this type of case. Moreover, to the extent that his claim can be construed as a *Bivens* action, the Court notes that "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *See Buford*, 160 F.3d at 1203. *See also Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000) (stating that a "*Bivens* action cannot be prosecuted against United States because of sovereign immunity"); and *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny does not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials"). Therefore, the claim against the United States must be dismissed.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $15.31 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 8th day of July, 2022.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE